**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RODNEY BARNETT and HEATHER WOLFF, individually, and as a representative of a Class of Participants and Beneficiaries of The Iron Mountain Companies 401(k) Plan,<br><br>    Plaintiffs,<br><br>    v.<br><br>IRON MOUNTAIN INCORPORATED and RETIREMENT PLAN COMMITTEE OF IRON MOUNTAIN INCORPORATED,<br><br>    Defendants. | Case No. 1:24-cv-11239-GAO |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND**
**FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiffs' Motion for preliminary approval (the "Motion For Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiffs Rodney Barnett and Heather Wolff ("Plaintiffs"), individually and on behalf of a Class of participants in the Iron Mountain Companies 401(k) Plan (the "Plan"), and Defendants, Iron Mountain Incorporated and Retirement Plan Committee of Iron Mountain Incorporated (collectively, "Defendants"), as set forth in the Parties' Class Action Settlement Agreement (the "Settlement Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

    1.    The Court has read and considered the Settlement Agreement, including its Exhibits, and having heard from the Parties hereby preliminarily approves the Settlement

Agreement in its entirety. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is cause to believe that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, (iii) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (iv) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and is not a coupon settlement for purposes of 28 U.S.C. § 1712. The Settlement Agreement and this Order, collectively or individually, are not a finding or admission of liability by Defendants or any other party.

3. The following Settlement Class is certified as a mandatory, non-opt-out class under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of Settlement only:

> All persons who have been participants, beneficiaries and alternate payees of the Plan from May 8, 2018 through the date of the Preliminary Approval Order, except for past and present members of the Committee from May 8, 2018 through the date of the Preliminary Approval Order.

4. For settlement purposes, the Court hereby preliminarily approves the appointment of Plaintiffs Rodney Barnett and Heather Wolff as Class Representatives.

5. For settlement purposes, the Court hereby preliminarily approves the appointment of Walcheske & Luzi, LLC, Schneider Wallace Cottrell Konecky Wotkyns LLP and Jonathan Feigenbaum, as Class Counsel.

6. On [date] at [time] or at such other date and time later set by Court Order, in courtroom [ ] of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts, this Court will hold a hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether: (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for Attorneys' Fees and Costs, Settlement Administrative Expenses, and Case Contribution Awards to the Class Representatives, should be granted, and in what amount.[1] No later than forty-five (45) days prior to Fairness Hearing, Class Counsel shall file an application for Attorneys' Fees and Costs, Settlement Administrative Expenses, and Case Contribution Awards to the Class Representatives. No later than [45 days prior to Fairness Hearing], Plaintiffs shall file papers in support of Final Approval of the Settlement Agreement and in response to any written objections.

7. Pursuant to the Settlement Agreement, Analytics Consulting, LLC, is hereby appointed the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. Analytics Consulting, LLC, or its designee, is additionally appointed the Escrow Agent and shall be required to perform all the duties of the Escrow Agent as set forth in the Settlement Agreement and this Order. Any information provided to Analytics Consulting, LLC by the Parties in connection with the Settlement shall be used solely in performing its role as Settlement Administrator and Escrow Agent under the terms of the Settlement Agreement. Analytics Consulting, LLC shall maintain any such information as confidential, and it shall not be subject to public disclosure, except as

---

[1] Any change in the date, time, location, or format of the hearing shall be posted on the Settlement Website, without further direct notice to Class Members, other than through notice to Class Counsel.

required by further court order or as reasonably necessary to effectuate approval or administration of the Settlement.

        8.      The Court approves the proposed Notices as a reasonable means of giving direct notice to Class Members by email or mail, by long-form or post-card notice, and also by establishing a Settlement Website, as more fully described in the Settlement Agreement. The Court finds that the proposed Notices and content therein fairly and adequately:

    a.    Summarize the claims asserted;

    b.    Describe the terms and effect of the Settlement;

    c.    Notify the Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees and Costs, Settlement Administrative Expenses, and Case Contribution Awards;

    d.    Give notice to the Class of the time and place of the Fairness Hearing, and of Class Members' right to appear; and

    e.    Describe how the recipients of the Notices may object to the Settlement, or any requested Attorneys' Fees and Costs, Settlement Administrative Expenses, or Case Contribution Awards.

        9.      No later than thirty (30) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Website to be published on the Internet, and shall include the Settlement Notice that is Exhibit A to the Settlement Agreement on the Settlement Website. No later than thirty (30) calendar days following the entry of this Preliminary Approval Order and in accordance with the terms of the Settlement

Agreement, the Settlement Administrator also shall disseminate the Short Form Postcard Notice that is Exhibit B to the Settlement Agreement to the Class Members, via first-class mail or e-mail.

10. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the notice plan outlined above and the Notices constitute appropriate notice to the class, are reasonable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23 and due process.

11. Any Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely filed with the Clerk of the Court and copies have been sent to Class Counsel and Defendants' Counsel. To be timely, the comment and/or objection and any supporting documents must be mailed or otherwise delivered to Class Counsel and Defendants' Counsel by thirty calendar days prior to the date of the Fairness Hearing. A Class Member who objects to the Settlement need not appear at the Fairness Hearing for the Class Member's comment to be considered by the Court. All objections from Class Members must include in the written objection the Class Member's name and address; state that the person submitting the objection is a Class Member; state the specific grounds for the objection; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a physical signature for the objecting Class Member; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing.

12. Class Counsel shall file any objections to any aspect of the Settlement with the Court at least seven calendar days before the Fairness Hearing.

13. Any party may file a response to an objection by a Class Member before the

Fairness Hearing.

14. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Class Member's objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

15. Each Class Member is preliminarily enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Plan, or Released Parties. The provisions in this Paragraph include, but are not limited to, the claims asserted in *Mott et al v. Iron Mountain Incorporated et al*, Docket No. 1:24-cv-12613 (D. Mass.).

16. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or a Released Party. Defendants have denied and

continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

17. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc,* and no reference to the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED** this ____ day of _____, 202_.

_____
Hon. George A. O'Toole, Jr.
United States District Court Judge