UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY BARNETT and HEATHER WOLFF, individually, and as a representative of a Class of Participants and Beneficiaries of The Iron Mountain Companies 401(k) Plan,<br><br>        Plaintiffs,<br><br>        v.<br><br>IRON MOUNTAIN INCORPORATED, BOARD OF DIRECTORS OF IRON MOUNTAIN INCORPORATED, and RETIREMENT PLAN COMMITTEE OF IRON MOUNTAIN INCORPORATED,<br><br>        Defendants. | Case No. 1:24-cv-11239-GAO |

**OBJECTION TO SCOPE OF RELEASE OF PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AT FINAL APPROVAL HEARING**

Class Members Arnulfo Melendez, Danielle Bathrick, Joshua Bressler, Kristophor Johnson and Terrance Mott (the "Melendez Plaintiffs"), by and through their undersigned counsel, object to the scope of release of the proposed settlement (the "Proposed Settlement") in the above-captioned action (the "*Barnett* Action") for the reasons set forth herein. Melendez Plaintiffs also provide notice of their intention to appear through undersigned counsel at the final approval hearing on July 25, 2025.

## I.    INTRODUCTION

Melendez Plaintiffs are proposed class representatives in a class action in this District filed a week prior to the settlement of the *Barnett* Action,.[1] Similar to the *Barnett* Action, the *Melendez*

_____

[1] On October 15, 2024, Melendez Plaintiffs filed a class action complaint in the United States District Court for the District of Massachusetts. *See Melendez, et. al. v. Iron Mountain Incorporated, et al.*, No. 1:24-cv-12613 (D. Mass) (the "*Melendez* Action").

Action asserts breach of fiduciary duty of prudence claims against similar defendants in the above-captioned action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). However, unlike the *Barnett* Action, the *Melendez* Action also alleges facts and asserts breach of fiduciary duty of loyalty claims and breach of ERISA's anti-inurement provision claims.[2]

Pursuant to the Long Form Settlement Notice (ECF No. 30-2) (the "Settlement Notice"), Melendez Plaintiffs partially object to the Proposed Settlement as it violates the "identical factual predicate" doctrine and the "adequacy of representation" doctrine in purporting to release claims they are pursuing in the *Melendez* Action that are based on facts not alleged in the *Barnett* Action. The Proposed Settlement purports to release from liability a wide swath of claims, including claims the Melendez Plaintiffs are litigating in their action. The plaintiffs in the *Barnett* Action never investigated, pled, litigated, or otherwise addressed the Melendez Plaintiffs' breach of fiduciary duty of loyalty claims or their breach of ERISA's anti-inurement provision claims, or the facts giving rise to those claims. The overbroad release language exposes the Proposed Settlement as unfair, unreasonable, and inadequate. The Melendez Plaintiffs object on behalf of themselves and the members of the putative class in the *Melendez* Action who are also members of the class in the *Barnett* Action (the "Settlement Class")[3] for this blatant attempt at an end-run around the well-pled and separate claims in the *Melendez* Action.

To preserve their ability to continue to prosecute their claims in the *Melendez* Action, at least as to the breach of fiduciary duty of loyalty claims and breach of ERISA's anti-inurement provision claims, Melendez Plaintiffs object to the scope of the release in the Proposed Settlement.

---

[2] *See Melendez* Action ECF No. 1, at 30-32.

[3] Melendez Plaintiffs have standing to object to the Proposed Settlement because they are members of the Settlement Class for the Proposed Settlement. During the class period of May 8, 2018 through date of judgment, Melendez Plaintiffs were participants in the Plan.

Melendez Plaintiffs respectfully submit that the Court should remedy the inappropriate Released Claims (defined *infra*) in the Settlement Agreement by carving out Melendez Plaintiffs' breach of fiduciary duty of loyalty claims and breach of ERISA's anti-inurement provision claims arising from the use of forfeitures.

## II.    FACTUAL BACKGROUND

### A.    The *Melendez* Action

Melendez Plaintiffs are current or former participants in the Iron Mountain Companies 401(k) Plan (the "Plan"). On October 15, 2024, the Melendez Plaintiffs filed suit on behalf of the Plan and its participants in this District against Iron Mountain Incorporated ("Iron Mountain"), the Board of Directors of Iron Mountain and its members,[4] and the Retirement Plan Committee of Iron Mountain and its members (the "Committee") (collectively, Iron Mountain and the Committee are referred to as the "Defendants") alleging breach of the fiduciary duty of prudence against the Committee, breach of the fiduciary duty of loyalty against Iron Mountain and the Committee, breach of ERISA's Anti-Inurement Provision against Iron Mountain, and failure to adequately monitor fiduciaries against Iron Mountain. *See* Melendez ECF No. 1 ("Melendez Complaint").

Iron Mountain is the Plan sponsor and a named fiduciary of the Plan. *See* Melendez Complaint, at ¶¶ 22-25. Iron Mountain appointed the Committee to, among other things, ensure that the Plan had no more expenses than reasonable. *See id.*, at ¶ 29. The Melendez Plaintiffs' claims against Defendants for breach of the fiduciary duty of loyalty and violation of ERISA's Anti-Inurement Provision arise from Defendants' use of forfeited funds, which were Plan assets, to reduce Iron Mountain's contributions to the Plan instead of using the forfeited funds to reduce

---

[4] On December 23, 2024, Melendez Plaintiffs filed a stipulation of dismissal of the Board of Directors of Iron Mountain as a defendant in the *Melendez* Action.

or eliminate Plan expenses charged to Plan participants. Forfeitures occur when Plan participants leave their employment before fully vesting in their employer contributions. Following the termination of employment, any unvested amounts in Plan accounts are forfeited. Melendez Plaintiffs allege that, throughout the Class Period, the Plan fiduciaries used almost $1.7 million to reduce Iron Mountain's contributions rather than using the funds to benefit the Plan participants by offsetting Plan expenses paid by the participants. *See id.*, at ¶¶ 109-116. In fact, the Plan fiduciaries exercised their discretion to use $0 to offset Plan expenses and used the forfeited amounts solely for their own benefit. *See id*.

    **B.**    **The *Barnett* Action**

    On May 8, 2024, the plaintiffs in the *Barnett* Action filed their initial class action complaint. *See* ECF No. 1. Less than one week later, the plaintiffs filed an amended class action complaint.[5] *See* ECF No. 4. The amended complaint alleges claims on behalf of participants in the Plan. Specifically, and similar to the Melendez Complaint, the amended complaint alleges that the defendants breached their fiduciary duty of prudence by failing to ensure that the Plan's recordkeeping fees were reasonable. *See* ECF No. 4. Further, and similar to the Melendez Complaint, the amended complaint alleges that certain defendants breached their fiduciary duty by failing to adequately monitor Plan fiduciaries under ERISA. Unlike the Melendez Complaint, the amended complaint does not allege that Defendants breached their fiduciary duty of loyalty or breached ERISA's Anti-Inurement Provision. In fact, the amended complaint ***contains no factual allegations*** regarding the Defendants' use of forfeitures, which form the basis for Melendez

---

[5] The only differences between the initial class action complaint and the first amended class action complaint are the insertion of page numbers in the amended complaint, which were not included in the initial complaint, minor revisions to paragraphs 47, 83, 86 and 157, the deletion of repetitive paragraphs 104, 109, 114, 119, 124, 129, and the change of the start of the class period from May 7, 2018 to May 8, 2018.

Plaintiff's breach of fiduciary duty of loyalty and breach of ERISA's Anti-Inurement Provision claims.

On July 23, 2024, defendants in the *Barnett* Action responded to the amended class action complaint by filing an Answer. *See* ECF No. 17. According to the Declaration of Paul M. Secunda in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (*see* ECF No. 30), the parties attended a mediation session on October 23, 2024 without conducting any formal discovery that resulted in a settlement-in-principle. *See id.*, at 11.

**C.    The Released Claims**

The named plaintiffs in the *Barnett* Action, who purport to represent the class, did not allege any facts in the operative complaint regarding Iron Mountain's use of forfeited funds. Yet the named plaintiffs now agree to release any class claims against Iron Mountain regarding the failure to use forfeited funds to offset Plan expenses. The claims released under the Settlement Agreement extend beyond the factual basis of the claims of the amended complaint. The scope of the release is as follows:

> "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether involving legal equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), ***whether, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen***, actual or contingent, liquidated or unliquidated, that have been, ***could have been, or could be brought by or on behalf of all or any member of the Settlement Class or the Plan at any point prior to the Court's final approval of the Settlement***, and that were asserted in the Action, or that might have been asserted in the Action, under any legal or equitable basis related in any way to the Plan, that relate in any way to the fees, ***use of Plan forfeitures***, expenses, investments, investment performance and/or management of the Plan, method of payment of any Plan expense, use of funds in any plan account to pay or not pay Plan expenses, that assert a claim for breach of fiduciary duty or a prohibited

transaction against any Plan fiduciary, that relate to the compensation or services of any Plan service provider, that relate to the method of allocating fees among Plan participants, that relate to decisions by the Plan sponsor or any Plan fiduciary with respect to the source of funding used to pay any plan service provider, or that relate to or arise out of the defense or settlement of the Action, including any claim that the Settlement Agreement or any aspect of its implementation violates any applicable law or right of any Settlement Class Member, or that would have been barred by the doctrine of *res judicata* or claim preclusion had the Action been fully litigated to a final judgment.

*See* ECF No. 30-1, Section 1.39 (emphasis added).

The Released Claims are not limited to any and all claims asserted in the *Barnett* Action. The release in the Settlement Agreement includes "any and all actual or potential claims, … ***whether, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen***[.]" *Id.* Further, the release includes claims, "that relate in any way to the … use of Plan forfeitures" (*see id.*), which were not alleged in the operative complaint. If the Court were to approval the Proposed Settlement, Melendez Plaintiffs would have no other recourse to litigate their claims because the Proposed Settlement is a non-opt-out settlement – meaning no class members can exclude themselves from the Proposed Settlement. *See* Settlement Notice, at p. 5 ("You cannot exclude yourself from the Settlement").

## III.    ARGUMENT

While federal courts favor settlements of class action litigation,[6] a fairness hearing is required to allow all interested parties to be heard and all relevant information reviewed so that the court may rule intelligently on whether a proposed resolution is fair, reasonable and adequate. In that regard, the Court has a fiduciary duty to protect the rights of absent class members. *See In re*

---

[6] *See Brent v. Midland Funding, LLC*, No. 11-cv-1332, 2011 WL 3862363, at *12 (N.D. Ohio Sept. 1, 2011) ("[T]he law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation.") (citing 4 Alba Conte & Herbert Newberg, Newberg on Class Actions, § 11.41 (4th ed.2002)).

*Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995) (A court should "independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished."). Although the Court had preliminarily approved the Proposed Settlement in the *Barnett* Action, "[the] Court[] may decide to modify or reject the settlement after granting initial approval if [it] later find[s] that the settlement is not fair, adequate, and reasonable in whole or in part." *Meaden v. HarborOne Bank*, No. 23-cv-10467, 2023 WL 3529762, at *1 (D. Mass. May 18, 2023); *see also In re Lupron Mktg. & Sales Pracs. Litig.*, 345 F. Supp. 2d 135, 138 (D. Mass. 2004) ("[A] preliminary approval of a settlement and a conditional certification of a settlement class does not dispose of the litigation as significant hurdles must be met and cleared if a final settlement is to be approved.").

## A.    The Proposed Release is Overbroad and Not Fair, Reasonable, or Adequate

Courts consider several factors when determining whether a proposed settlement is "fair, reasonable and adequate" under Rule 23(e). *Chi v. Univ. of S. California*, No. 18-cv-04258, 2019 WL 3064457, at *2 (C.D. Cal. Apr. 18, 2019) (denying motion for preliminary approval). At the preliminary approval stage, the moving parties must demonstrate that the Court will "likely be able to" (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal. *Id.*; *see also Ehrheart v. Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010) (stressing that "[t]he purpose of Rule 23(e) is to protect the unnamed members of the class," and that a "district court acts as a fiduciary" for absent class members).

In making such a determination, the Court should consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account;

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2)(A)-(D).

To start, a Rule 23 class settlement can only reach claims sharing the same factual predicate. A class action settlement may release claims that were not brought or litigated in the action only if those claims are "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (internal quotations omitted); *see also City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1044 (1st Cir. 1996) (same). "The identical factual predicate doctrine is widely used in the context of approval of federal class action settlements pursuant to Rule 23 of the Federal Rules of Civil Procedure." *Thompson v. Glob. Contact Servs., LLC*, No. 20-cv-651, 2021 WL 3425378, at *12, n. 15 (E.D.N.Y. Aug. 4, 2021) (citing *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 248 (2d Cir. 2011)).

The Released Claims in the Settlement Agreement, if finally approved, would purport to release claims that go beyond the factual basis of the claims asserted in the *Barnett* Action. "[A] release of claims that 'go beyond the scope of the allegations of the operative complaint' is impermissible." *Lovig v. Sears, Roebuck & Co.*, No. 11-cv-00756, 2014 WL 8252583, at *2 (C.D. Cal. Dec. 9, 2014)); *see also McAdams v. Robinson*, 26 F.4th 149, 160 (4th Cir. 2022) ("Claims

have an 'identical factual predicate' when they 'depend[] upon the very same set of facts.'") (citing *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982)).

Here, the Proposed Settlement releases "any and all actual or potential claims … ***whether, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated***, that have been, could have been, or could be brought by or on behalf of all or any member of the Settlement Class or the Plan at any point prior to the Court's final approval of the Settlement." *See* ECF No. 30-1, Section 1.39 (emphasis added). Courts around the country have denied preliminary or final approval of class action settlements due to similar release language. *See, e.g.*, *Marshall v. Northrop Grumman Corp.*, 469 F. Supp. 3d 942, 949 (C.D. Cal. 2020) (denying final approval of the class action settlement because "the parties' proposed settlement agreement contains an overly broad release of liability."); *Chavez v. PVH Corp.*, No. 13-cv-01797, 2015 WL 581382, at *5 (N.D. Cal. Feb. 11, 2015) (denying final approval of the class action settlement because the release language included "arising from, or related to the facts occurring during the Settlement Class Period as alleged in the Second Amended Complaint, including ... any other state or federal statute, rule and/or regulation, or similar causes of action ... based on the claims that have been or could have been asserted in the Second Amended Complaint."); *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 88 (E.D.N.Y. 2007) ("The Court's most serious concern with the terms of the proposed settlement is the unduly broad general release."); *Custom Led, LLC v. eBay, Inc*, No. 12-cv-00350, 2013 WL 4552789, at *6 (N.D. Cal. Aug. 27, 2013) (in denying preliminary approval, "[t]he Court concludes that the scope of the release is overly broad, because it improperly releases any claim, known or unknown, … and regardless of whether any such claim is based on the allegations in the complaint."); *Christensen v. Hillyard, Inc.*, No. 13-cv-04389, 2014 WL 3749523, at *4 (N.D. Cal. July 30, 2014) ("The Court finds that the settlement

agreement suffers from an obvious deficiency in that it includes a release of class claims that is overly broad."); *Brent v. Advanced Med. Mgmt., LLC*, 733 F. Supp. 3d 376, 385 (D. Md. 2024) (denying preliminary approval of a class action settlement because release was too broad).

The "identical factual predicate" doctrine limits a class representative's authority to release claims. *See Elna Sefcovic, LLC v. TEP Rocky Mt., LLC*, 807 Fed. App'x 752, 765 (10th Cir. 2020), *cert. denied sub nom. Gonzalez v. Elna Sefcovic, LLC*, 208 L. Ed. 2d 425, 141 S. Ct. 851 (2020); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 106– 07 (2d Cir. 2005); *In re MI Windows & Doors, Inc., Prod. Liab. Litig*., 860 F.3d 218, 225 (4th Cir. 2017) ("Moreover, it is clear that a judgment approving a settlement agreement may involve the release of not only the claims presented in the class action, but also 'claims arising out of the identical factual predicate.'") (quoting *Berry v. Schulman*, 807 F.3d 600, 616 (4th Cir. 2015)). This doctrine allows plaintiffs to release only claims that share the "same integral facts as settled claims" and were adequately represented by an alignment of interests prior to settlement. *Wal-Mart*, 396 F.3d at 106-07. The language of the Released Claims provision contains precisely the sort of expansive phrases (*e.g.* "known or unknown" and "suspected or unsuspected' and "asserted or unasserted") that courts routinely find to be overbroad. Hence, on its face, the Released Claims in the Settlement Agreement are impermissibly overbroad and cannot be approved.

**B.     The Released Claims Specifically Releases Claims Not Asserted in the *Barnett* Action**

The vast differences between the facts alleged in the *Melendez* Action and *Barnett* Action further illustrate why the Released Claims contravenes the "identical factual predicate" requirement. While the two actions share some factual overlap, the improper use of forfeitures allegations underlying the *Melendez* Action's breach of fiduciary duty of loyalty claim and breach of ERISA's anti-inurement provision claim are not alleged in the *Barnett* Action. The *Barnett*

Action's claims are limited to breach of fiduciary duty of prudence claim by failing to ensure that the Plan's recordkeeping fees were reasonable. While the *Melendez* Action asserts similar claims regarding the Plan's recordkeeping fees, that is the extent of the overlap between the factual allegations in the *Melendez* Action and the *Barnett* Action. As detailed above, Melendez Plaintiffs allege that Defendants, as fiduciaries of the Plan, breached their fiduciary duty of loyalty by utilizing forfeited amounts to their own benefit, and not for the benefit of the Plan and its participants, to offset Iron Mountain's contributions and not to reduce Plan expenses. No "use of Plan forfeitures" allegations appear in the *Barnett* Action. Indeed, a simple word search of the amended complaint yields zero results when searching the words "forfeit" or "forfeiture." Yet, the Released Claims specifically includes claims, "that relate in any way to the ... ***use of Plan forfeitures***[.]" The lack of factual allegations concerning Defendants' use of Plan forfeitures in the amended complaint renders the inclusion of claims related to the use of Plan forfeitures in the Released Claims improper.

Under the identical factual predicate rule, the named plaintiffs in the *Barnett* Action cannot release the Melendez Plaintiffs' breach of fiduciary duty of loyalty claim and breach of ERISA's anti-inurement provision claim. The named plaintiffs alleged no facts related to Defendants' improper use of forfeited funds, nor did they assert any legal claims based thereon. By contrast, the Melendez Plaintiffs' claims arise specifically from the alleged misuse of forfeited Plan funds. Any argument by the named plaintiffs in the *Barnett* Action that the facts alleged in their amended complaint, or the claims in the amended complaint satisfies the identical factual predicate rule is misplaced.

**C.      Named Plaintiffs, and Proposed Class Representatives, Have Not Adequately Represented the Interests of Class Members**

Under Rule 23, class representatives are authorized to represent a class only insofar as they are able to fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a)(4); *see also Bailey v. Patterson*, 369 U.S. 31, 32–33 (1962) (named plaintiffs in a class action "cannot represent a class of whom they are not a part."); *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 606 (E.D. Cal. 2015) ("'[a] class representative must be part of the class and possess the same interest and injury as the class members.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 117 S. Ct. 2231 (1997)). An adequate class representative "must have no interests antagonistic to the interests of other class members." *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011). Other courts also have considered the potentially divergent interests of class members when considering whether class certification under Rule 23(b)(2) is appropriate. *See Shook v. Board of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) ("The latter half of Rule 23(b)(2) requires that final injunctive relief be appropriate for the class as a whole. The rule therefore authorizes an inquiry into the relationship between the class, its injuries, and the relief sought, and we have interpreted the rule to require that a class must be amenable to uniform group remedies.") (internal quotation marks omitted); *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1190 (11th Cir. 2003) ("This circuit is not alone in interpreting Rule 23(a)(4) to preclude class certification where the economic interests and objectives of the named representatives differ significantly from the economic interests and objectives of unnamed class members.").

The Released Claims as written must be rejected because the named plaintiffs in the *Barnett* Action do not have authority to release ALL of the claims that Defendants would like them to release. "If a judgment after trial cannot extinguish claims not asserted in the class action

12

complaint, a judgment approving a settlement in such an action ordinarily should not be able to do so either." *In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 91 F.4th 174, 182 (4th Cir. 2024) (quoting *National Super Spuds, Inc. v. New York Mercantile Exchange*, 660 F.2d 9, 18 (2d Cir. 1981)). The representative plaintiffs in the *Barnett* Action never asserted claims concerning Iron Mountain's improper use of Plan forfeitures. Therefore, they have no authority to release those claims for every class member included in this Settlement. Allowing them to do so would eviscerate the Rule 23(a) requirement of adequacy of representation, and would violate the Rule 23(b)(3) mandate to consider class members' interest in claims not asserted by the class. In this case, the class representatives' interest in obtaining the settlement requested here conflicts with the class members' interest in preserving their claims concerning Iron Mountain's improper use of Plan forfeitures. Moreover, absent class members, like the Melendez Plaintiffs and those they seek to represent, who have asserted claims arising from the use of Plan forfeitures in another ongoing putative class action, have no interest in releasing such claims in a settlement that compensates them only for their other unrelated claims.

## IV.    CONCLUSION

For the foregoing reasons, Melendez Plaintiffs object to the scope of release in the Proposed Settlement of the above-captioned action and respectfully request that the Court carve out their breach of fiduciary duty of loyalty claim and breach of ERISA's anti-inurement provision claim asserted in the *Melendez* Action.  The parties in the Melendez action have agreed to stay their case pending resolution of the Melendez Plaintiffs' objection.

Dated: May 7, 2025                    **LAW OFFICES OF JEFFREY HELLMAN, LLC**

<u>/s/ *Jeffrey Hellman*</u>
Jeffrey Hellman, Esq.
BBO #549896
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
Fax: 203-823-4401
Email: jeff@jeffhellmanlaw.com

Mark K. Gyandoh, Esq.
PA Attorney ID #88587
(*Pro Hac Vice* to be requested)
James A. Maro, Esquire
PA Attorney ID #86420
(*Pro Hac Vice* to be requested)
**CAPOZZI ADLER, P.C.**
312 Old Lancaster Road
Merion Station, PA 19066
Email: markg@capozziadler.com
        jamesm@capozziadler.com
Tel.: (610) 890-0200
Fax: (717) 233-4103

*Counsel for Melendez Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 7, 2025, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By:  <u>*/s/ Jeffrey Hellman*    </u>
          Jeffrey Hellman, Esq.