UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY BARNETT and HEATHER WOLFF, individually, and as a representative of a Class of Participants and Beneficiaries of The Iron Mountain Companies 401(k) Plan,<br><br>Plaintiffs,<br><br>v.<br><br>IRON MOUNTAIN INCORPORATED and RETIREMENT PLAN COMMITTEE OF IRON MOUNTAIN INCORPORATED,<br><br>Defendants. | Case No. 1:24-cv-11239-GAO |

**DECLARATION OF PAUL M. SECUNDA IN SUPPORT OF MOTION FOR PLAINTIFFS' ATTORNEYS' FEES AND COSTS, SETTLEMENT ADMINISTRATIVE EXPENSES, AND CASE CONTRIBUTION AWARDS TO THE CLASS REPRESENTATIVES**

I, Paul M. Secunda, declare and state as follows:

1. I am a partner at Walcheske & Luzi, LLC ("Walcheske Luzi"), and am one of the attorneys of record for Plaintiffs in the above captioned action. In its Preliminary Approval Order (Dkt. 40), the Court appointed Walcheske Luzi LLC, Schneider Wallace Cottrell Konecky LLP, and Jonathan M. Feigenbaum, Esq., to serve as Class Counsel on behalf of the Settlement Class. I respectfully submit this declaration in support of the accompanying Motion for Attorneys' Fees and Costs, Settlement Administrative Expenses, and Case Contribution Awards to the Class Representatives.

**Professional Overview**

2. I am a currently a Partner at the law of firm of Walcheske & Luzi, LLC in Brookfield, Wisconsin, where I concentrate my practice on labor and employment law, with an

1

emphasis on all aspects of employee benefits (ERISA) litigation. As part of this employment, I litigate cases involving employer-sponsored retirement benefit plans and welfare benefit plans under ERISA. I am licensed to practice law in the State of Wisconsin, and also have been admitted to practice in several federal district courts and appellate courts across the country. A list of jurisdictions in which I have been admitted is set forth below:

| Supreme Court of the United States |
|---|
| 6th Circuit Court of Appeals |
| 7th Circuit Court of Appeals |
| U.S.D.C. for Western District of Michigan |
| U.S.D.C. for the Eastern District of Wisconsin |
| U.S.D.C. for the Western District of Wisconsin |
| U.S.D.C. for the Northern District of Illinois |
| Wisconsin Supreme Court |

I am in good standing in every jurisdiction in which I have been admitted to practice.

3.  I have been actively engaged in the practice of law since 1998 and have substantial class action experience and other complex litigation experience. I was a full professor of law over an eighteen-year academic career at two separate law schools, focusing on workplace and employee benefits law under ERISA. Since joining Walcheske Luzi in May 2020, my practice has focused primarily on ERISA class action cases.

4.  As the head of our firm's ERISA Team, I have led ERISA class action litigation against several major companies and organizations, including Clean Harbors, Packing Corporation of America, Smith & Nephew, U.S. Bank, Kimberly-Clark, Quad/Graphics, General Dynamics, Kerry Foods, RR Donnelley & Sons, and AmerisourceBergen.

5.  In addition to the present case, the firm's lawyers (including myself) have brought litigation in over sixty (60) other cases involving retirement plans, including:

- Miller v. Packing Corp. of America, Case No. 1:22-cv-00271-HYJ-RSK (W.D. Mich.)
- Gruber v. Grifols Shared Service N.A., Case No. 2:22-cv-02621-DSF-AS (C.D. Cal.)

2

- Reichert v. Juniper Network, Inc., Case No. 4:21-cv-06213 (N.D. Cal.)

- Case v. Generac, Inc., Case No. 2:21-cv-01100-PP (E.D. Wis.)

- Seidner et al. v. Kimberly Clark Corp, No. 3:21-cv-00867-L (N.D. Tex.)

- Bangalore v. Froedtert Health, Inc., No. 2:20-cv-893-PP (E.D. Wis.)

- Shaw v. Quad/Graphics, Inc., No. 2:20-cv-01645-PP (E.D. Wis.)

- Tolomeo v. RR Donnelley Inc., No. 1:20-cv-07158 (N.D. Ill.)

- Woznicki v. Aurora Health Care, Inc., No. 2:20-cv-1246-PP (E.D. Wis.)

- Nohara v. Prevea Clinic, Inc., No. 2:20-cv-1079-WCG (E.D. Wis.)

- Glick v. ThedaCare, Inc., 1:20-cv-1236-WCG (E.D. Wis.)

- Hughes v. Mercy Health Corp., No. 3:20-cv-50286 (N.D. Ill.)

- Hanson et al. v. General Dynamics, No. 0:21-cv-00988-PAM-ECW (D. Minn.)

6. Walcheske & Luzi is viewed as a leader in litigating ERISA 401(k) cases for Plan participants. I have been interviewed by the Financial Times, Barrons, BenefitsPro, Law360, Bloomberg, Investment News, Pensions & Investments, and several trade publications in connection with my ERISA work. As a law professor, I have published sixteen law review articles, two book chapters, and three books on employee benefit plan-related topics. Overall, I have published over seventy law review articles and shorter pieces on workplace law, benefits law, and related fields.

7. I also have been a lecturer, moderator, and panelist at dozens of conferences, symposia, and conferences throughout the country and the world, presenting on ERISA and employee benefit plan topics sponsored by a myriad of organizations, including: the Association of American Law Schools, American Bar Association, the Southeastern Association of Law Schools, Law and Society Association, New York University Annual Conference on Labor, and the Center

for the Interdisciplinary Study of Work and Social Capital at the Washington University School of Law.

8.   I have served as testifying expert in the following ERISA and employee benefits law cases around the country: *Byzantine Catholic Eparchy of Phoenix v. Burri Law P.A. et al.*, Case No. 2:20-cv-00779-ROS (D. Ariz.), *Pierson et al. v. Millennium Trust Co.*, Case No. 1340017140 (JAMS) (Ill. 2019), *Physical Therapy, U.S.A. Inc., et al. v. United Healthcare of Arizona, Inc., et al.,* Case No. CV-08-457-PHX-ROS (D. Az.), *Moyle v. Liberty Mutual Retirement Benefit Plan*, 3:10-CV-02179 (S.D. Cal.); *Gillis v. Burns & Levinson*, File No. 337.08466 (Middlesex Superior Ct. Mass.); and *Sayles v. Driskell* (settled) (state court, Kansas City, Mo.)

9.   I served as Court Amicus in the following U.S. Supreme Court and Seventh Circuit cases:  U.S. Supreme Court *Brief for Law Professors as Amici Curiae in Support of the Petitioners in Tibble v. Edison International*, No. 13-550; U.S. Supreme Court *Brief of Law Professors in Support of the Respondents in Fifth Third Bancorp v. Dudenhoeffer*, No. 12-751; U.S. Supreme Court *Brief of Law Professors in Support of Respondents, Conkright v. Frommert*, No. 08-810; and Seventh Circuit *Brief of Law Professors in Support of Rehearing En Banc, Hecker v. Deere*, Nos. 07-3605 & 08-1224.

10.   Prior to this position with Walcheske & Luzi, I was a full Professor of Law, with tenure at the Marquette University Law School in Milwaukee, Wisconsin. I joined the Marquette University Law School faculty in 2008, after having been an Assistant Professor of Law at the University of Mississippi School of Law from 2002 through 2008. I have been a visiting professor of law at several other universities, including Melbourne University Law School (Australia), Justus Liebig Universitat School of Law (Germany), Hong Kong Polytech University (China), the University of Wisconsin-Madison School of Law, Université de Paris at Nanterre Law Faculty

4

(France), Western Ontario School of Law (Canada), and the Osgoode Hall School of Law at York University (Canada.)

11. I received my law degree, magna cum laude, from the Georgetown University Law Center in 1997, and my B.A., cum laude, from Harvard College in 1993. Following law school, I was a federal law clerk for Judge Murray M. Schwartz of the United State District Court for the District of Delaware from 1997-1998. I then practiced law as an associate labor and employment law attorney, focusing on ERISA and workplace litigation, with the Philadelphia law firms of Montgomery, McCracken, Walker & Rhoads, and Morgan, Lewis & Bockius from 1998 to 2002. I am a member of the Bars of Pennsylvania (1998), New Jersey (1998), and Wisconsin (2009), and the United States Supreme Court (2009.)

12. I am an elected Fellow of the American College of Employee Benefit Counsel (ACEBC); a Senior Fulbright Scholar (in employee benefits law); an elected Fellow of the American Bar Foundation (ABF); and an elected member of the American Law Institute (ALI), serving as a member of the Consultative Group on the Restatement of Employment Law.

13. In December 2012, I was appointed by the United States Secretary of Labor, Hilda L. Solis, to the 2013 ERISA Advisory Council. The ERISA Advisory Council is established pursuant to ERISA Section 512. The duties of the council are to advise the Secretary and submit recommendations regarding the Secretary's functions under ERISA. The council consists of 15 members appointed by the Secretary of Labor. I was appointed Chairman of the Council in 2015 by then-Secretary of Labor Thomas Perez. Over my three years on the Council, I helped draft nine expert reports on all aspects of employee benefit law, including a number of issues concerning excessive fees associated with employer-sponsored retirement plans.

**Law Firm Overview**

14. Walcheske & Luzi has been engaged in the practice of law for almost 14 years and is devoted to representing the interests of employees. The firm has offices in Brookfield and Appleton, Wisconsin, and Chicago, Illinois, and currently employs five attorneys.

15. Walcheske & Luzi has extensive class action and collective action experience. The firm has been appointed lead counsel or co-counsel in dozens of class and collective actions and has recovered over $50 million for its clients.

### **Work Performed by Class Counsel**

16. As a result of our firm's experience litigating ERISA cases and other class action cases, we were able to handle this action and achieve a significant result for the Settlement Class effectively and efficiently.

17. Notwithstanding the efficiencies that we were able to gain based on our experience, Walcheske & Luzi has devoted a significant amount of time to this case. Among other things, we, with named Plaintiffs' assistance,: (1) drafted the class action Complaint and Amended Complaint; (2) met and conferred with Defendants' counsel; (3) reviewed hundreds of pages of Plan documents; (4) drafted a written mediation statement; (5) participated in a full-day mediation with Defendants and negotiations thereafter; (6) consulted with the Class Representatives throughout the course of the case; (7) participated in drafting the Settlement Agreement and exhibits thereto; (8) prepared Plaintiffs' Preliminary Approval Motion papers; (9) reviewed potential Settlement Administrators; (10) review the final draft of the Settlement Notice, and ensured that it was timely mailed; (11) worked with the Settlement Administrator to create a settlement website and telephone support line for Class Members; (12) communicated and emailed with voluminous Class Members about the Settlement Agreement; and (13) prepared the present motion. *Id.* This work is further detailed in the Declaration of Paul Secunda in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. 28).

18. The work summarized above required numerous hours by Attorneys Secunda, Bloom, and Feigenbaum. Attached hereto as **Exhibit 1** is a true and correct copy of timekeeper summary of the lodestar amounts in this action. As reflected by this summary, Attorney Secunda has expended 91.4 hours pursuing this matter, Attorney Bloom expended 23.6 hours, and Attorney Feigenbaum has spent 12.0 hours through the date of this Declaration over the last year, for a total of 127 hours.

19. Walcheske Luzi's reported billing rates for my services in ERISA actions is $900 per hour, and I have more than 27 years of experience with ERISA.

20. Schneider Wallace's reported billing rates for Mr. Bloom's services in ERISA actions is $1200 per hour, he has more than 15 years of experience with ERISA.

21. Mr. Feigenbaum's reported billing rates for his services in ERISA actions is $900 per hour, he has more than 15 years of experience with ERISA.

22. The plaintiff's ERISA bar is comprised of few lawyers, and all of the competent attorneys know each other. I am familiar with the work of Mr. Bloom and Mr. Feigenbaum. We regularly assist each other with the law, strategies and related matters, in order to better serve our clients.

23. I have worked with Mr. Bloom and Mr. Feigenbaum in numerous retirement plan class actions, so I am aware of their capabilities in ERISA fiduciary retirement litigation.

24. In my opinion, Mr. Bloom and Mr. Feigenbaum's current rates are very reasonable given that they are highly skilled and have achieved many important outcomes for his clients.

25. In setting these rates, our firms are cognizant of the rates approved in other ERISA class action cases (as set forth in our accompanying Memorandum of Law), as well as the rates charged by the defense bar in this field.

26. All of the work of Class Counsel has been undertaken on a contingent basis.[1] To date, Class Counsel have not been compensated for any of their work. Based on our hourly rates and work performed, the total lodestar for our all firms amounts to $121,380.00 and the lodestar multiplier is 2.33. Based on expected future work, which is based on similar work in parallel cases, I and Attorney Bloom will spend another thirty (30) hours on this case before its completion, further reducing the lodestar to 1.87. *See* **Exhibit 1**.

27. In my professional opinion, and based on my personal knowledge of the work that was performed and the requirements of this case and similar cases, the time expended on this action by Class Counsel was reasonable and necessary.

28. After the date of this Declaration, Class Counsel expect to perform additional work on behalf of the Settlement Class, including: (1) meeting with the independent fiduciary about Settlement Agreement; (2) preparing Plaintiffs' Final Approval Motion papers; (3) preparing for and attending the final approval hearing in Boston, Massachusetts; (4) if final approval is granted, supervising the Settlement Administrator to ensure proper and efficient distribution of payments to Class Members; (5) continuing to respond to any additional questions from Class Members; and (6) taking any other actions necessary to support the Settlement until the conclusion of the Settlement Period.

## Litigation Costs

29. In connection with the action, Class Counsel advanced all costs of litigation. Because Class Counsel handled this action on a contingent basis, we have not yet received reimbursement for any of these expenses.

---

[1] In connection with the representation, the named Plaintiffs agreed to a one-third contingency fee, and to reimbursement of expenses in the event that the action was successfully resolved.

30.     As of the date of this Declaration, Walcheske Luzi, Schneider Wallace, and Attorney Feigenbaum (local counsel) have incurred $16,824.05 in litigation-related costs in connection with this matter. These expenses are broken down below:

| Category | Cost |
|---|---|
| Expert Consultant Charges | $6,972.50 |
| Mediation Fees | $6,150.00 |
| Travel and Associated Expenses | $ 2,672.95 |
| Filing and Pro Hac Fees | $627.00 |
| Research Fees | $401.60 |
| **TOTAL** | **$16,824.05** |

31.     In the event that the Court would like further detail or documentation concerning our litigation costs, we would be pleased to provide it.

32.     In my professional opinion and based on my experience prosecuting this action and overseeing similar litigation, these expenses were reasonable and necessarily incurred in connection with the action.

### Settlement Administration Expenses

*Settlement Administrator*

33.     Analytics Consulting LLC ("Analytics") has been selected to serve as the Settlement Administrator in this matter. *See Preliminary Approval Order* (Dkt. 40), § 7. Analytics has extensive experience administering class action settlements, including numerous ERISA settlements.[2] Based on the bid submitted by Analytics, it will cost approximately $32,181 to

---

[2] A copy of Analytics' company profile was previously submitted with Plaintiffs' motion for preliminary approval of the Settlement. *See* Dkt. 30-8.

administer the settlement in this action for the Current and Former Participants. The Settlement Administrator expenses for Current and Former Participants will be paid directly out of the Common Settlement Amount. *Settlement Agreement*, Dkt. 30-1, §§ 6.1-6.6. This covers all work required of the Settlement Administrator under the Settlement Agreement for Participants, including (1) reviewing the class member information provided by Defendants; (2) preparing and e-mailing/mailing the Settlement Notices; (3) searching for valid e-mail addresses for any Settlement Class Members whose Notices were returned as undeliverable; (4) establishinga telephone support line for Class Members; (5) creating and maintaining the Settlement Website; and (6) managing the project and communicating with the parties regarding the status of settlement administration. In addition, upon final approval of the Settlement, Analytics will facilitate delivery of settlement payments to both Current and Former Participant Class Members as provided by the Settlement Agreement. The Agreement also contemplates the recordkeeper's fees for data collection and administering the distributions, for which a final accounting will be provided to the Settlement Administrator and the independent fiduciary upon final approval of the settlement.

### *Independent Fiduciary*

34. Additional administrative expenses of $15,000 from the Settlement Fund will be incurred relating to the review of the proposed release on behalf of the Plans by the independent fiduciary appointed pursuant to Prohibited Transaction Exemption 2003-39. Fiduciary Counselors, LLC has been selected as the Independent Fiduciary and completed its reporting on May 7, 2025. *See* **Exhibit 1.**

### Assistance of the Class Representatives

35. It has been my honor to represent Mr. Barnett and Ms. Wolff in this matter.

36. Throughout the course of this action, they have been mindful of their responsibilities as the class representatives and have actively participated in the action. Among other things, they

(1) reviewed the allegations in the various complaints bearing their names; (2) provided information to our firm in connection with the lawsuit; (3) communicated with our firm regarding the litigation and Settlement; and (4) reviewed the Settlement Agreement in its entirety.

       37.     Based on the time and assistance that Mr. Barnett and Ms. Wolff have provided as the class representatives, their initiative in pursing this action, and the risks that they assumed, I believe that the requested case contribution awards are reasonable and appropriate. As noted in our motion papers, the amount that Mr. Barnett and Ms. Wolff are seeking ($7,500 each) is consistent with other ERISA cases in this Circuit.

### **Objections**

       38.     The Settlement Notice that was approved by the Court disclosed the terms of the Settlement and contained an explanation of the attorneys' fees and costs, administrative expenses, and the case contribution award, that were sought in connection with the Settlement. The Class Notice was disseminated on February 21, 2025, and only five Settlement Class Members (Arnulfo Melendez, Danielle Bathrick, Joshua Bressler, Kristophor Johnson, and Terrance Mott) out of 25,216 class members have objected to the Settlement terms, and then only with regard to the scope of the Settlement release and whether it covers claims they filed on October 15, 2024, in the United States District Court for the District of Massachusetts in *Melendez, et al. v. Iron Mountain Incorporated, et al.*, No. 1:24-cv-12613 (D. Mass).

     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Dated: May 23, 2025                                                  *s/Paul M. Secunda*
                                                                                        Paul M. Secunda

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/Paul M. Secunda*
Paul M. Secunda
