## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY BARNETT and HEATHER WOLFF, individually, and as a representative of a Class of Participants and Beneficiaries of The Iron Mountain Companies 401(k) Plan,<br><br>Plaintiffs,<br><br>v.<br><br>IRON MOUNTAIN INCORPORATED and RETIREMENT PLAN COMMITTEE OF IRON MOUNTAIN INCORPORATED,<br><br>Defendants. | Case No.  1:24-cv-11239-GAO |

## RESPONSE IN OPPOSITION TO THE OBJECTION TO SCOPE OF RELEASE OF SETTLEMENT BY *MELENDEZ* PLAINTIFFS

Pursuant to Paragraph 11 of the Preliminary Approval Order entered in this action, Dkt. 40, ¶ 11, five Settlement Class Members (Arnulfo Melendez, Danielle Bathrick, Joshua Bressler, Kristophor Johnson, and Terrance Mott) objected to the Settlement terms, and specifically to the scope of the Settlement Release. Dkt. 43 at 1. The *Melendez* Plaintiffs' challenge arises out of their interest in pursuing claims in their later-filed suit, *Melendez, et al. v. Iron Mountain Incorporated, et al.*, No. 1:24-cv-12613 (D. Mass. Complaint filed Oct. 15, 2024). Dkt. 30-1. Pursuant to Paragraph 6 of the Preliminary Approval Order, Dkt. 40, ¶ 6, Plaintiffs oppose the *Melendez* Plaintiffs' objections and believe that the scope of the release is lawful and that their

later-filed forfeiture claims are properly covered by the Settlement Agreement in this action.[1] In short, the Court should overrule the *Melendez* Plaintiffs' objections because the prudence and monitoring claims here have the identical factual predicate regarding excessive Plan recordkeeping fees as the claims the *Melendez* Plaintiffs seek to cast as forfeiture claims.

## **ARGUMENT**

The *Melendez* Plaintiffs' objection hinges on the contention that a class action settlement, like the one at-issue here, may release claims that were not brought or litigated in the action only if those claims are "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010); *see also City P'ship Co. v. Atl. Acquisition Ltd. P'ship,* 100 F.3d 1041, 1044 (1st Cir. 1996). "The identical factual predicate doctrine is widely used in the context of approval of federal class action settlements pursuant to Rule 23 of the Federal Rules of Civil Procedure." *See Thompson v. Glob. Contact Servs.*, LLC, 2021 WL 3425378, at *12, n. 15 (E.D.N.Y. Aug. 4, 2021) (citing *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 248 (2d Cir. 2011)).

While that fundamental premise is correct, as a matter of law, the *Melendez* Plaintiffs overstate the effect of the identical factual predicate doctrine when it comes to claims that were not brought or litigated in the current action. Whereas the *Melendez* Plaintiffs contend that the "release[d] claims go beyond the factual basis of the claims asserted in [this] Action," Dkt. 43 at 8, the excessive recordkeeping fee allegations pursued by Plaintiffs here are inextricably intertwined with any forfeiture claims, because they both deal with the relative amount of Iron

---

[1] The *Melendez* Plaintiffs do not challenge any other aspect of the Settlement Agreement and do not challenge Plaintiffs' petition for attorney fees and costs, settlement administrative awards, and case contribution awards. The *Melendez* Plaintiffs also concede that their fiduciary duty of prudence and monitoring claims relating to excessive recordkeeping fees are properly included within the scope of the Settlement Release. Dkt. 43 at 2-4.

Mountain Plan recordkeeping expenses and who (participant or plan sponsor) is responsible for their payment. *See Declaration of Paul M. Secunda in Opposition to the Objection to Scope of Release of Settlement By Melendez Plaintiffs ("Secunda Decl.")*, ¶ 5.

The *Melendez* Plaintiffs' forfeiture claims assert that Plan fiduciaries should have used forfeitures to offset or reduce the Plan recordkeeping fees, which the *Melendez* Plaintiffs claim are excessive. *Id.*, ¶ 6. While presented under a different legal theory, the claims in this case similarly assert that Plan fiduciaries should have reduced the recordkeeping and administrative fees participants were required to pay. *Id.*, ¶ 7. Under either legal theory, however, the *factual predicate* for both the Plaintiffs' prudence claims here and the *Melendez* Plaintiffs' forfeiture claims is that Iron Mountain's administration of the Plan required participants to bear the cost of excessive administrative fees. *Id.*, ¶ 8.

Contrary to the *Melendez* Plaintiffs' assertions, Plaintiffs did investigate breach of fiduciary duty of loyalty claims and anti-inurement provision claims as a part of a potential forfeiture claim in this case, as well as the facts giving rise to such claims, and decided purposefully not to include them in the complaint in this action because Plaintiffs believed the duty of prudence and monitoring claims actually brought had a better chance of success, *id.*, ¶ 9,[2]

---

[2] The *Melendez* Plaintiffs have absolutely no basis whatsoever to argue that Plaintiffs did not investigate the forfeiture claims. Secunda Decl., ¶ 10. In fact, the Melendez Plaintiffs filed his lawsuit without checking that a case was on file, much less contact Plaintiffs to ask why no forfeiture claim was included in the case. *Id.* They also never identified their case as a related case to this one. *Id.* If the *Melendez* Plaintiffs had done their due diligence, their objection could have been avoided. *Id.* Finally, Plaintiffs agreed to mediation of their claims a least a month prior to the filing of the *Melendez* action and did not even know of its existence until after the mediation had concluded. *Id.*, ¶ 11.

and the specific facts of this case do not support such a claim.[3] Consequently, under the applicable law, the Settlement Agreement in this action may release forfeiture-related claims that were not brought or litigated in this action because those claims are "based on the identical factual predicate as that underlying the [prudence and monitoring] claims in [this] action." *See Hesse*, 598 F.3d at 590; *City P'ship Co.,* 100 F.3d at 1044; *see also Lalonde v. Massachusetts Mut. Ins. Co.*, 728 F. Supp. 3d 141, 152 (D. Mass. 2024) (upholding settlement agreement release language whether later lawsuit filed involving substantially similar claims).

Finally, the *Melendez* Plaintiffs are flatly wrong that Plaintiffs have not "fairly and adequately protect[ed] the interests of the class." Fed. R. Civ. P. 23(a)(4). Because the proposed forfeiture claims are part of the same factual predicate that underly the prudence and monitoring claims, and Plaintiffs' counsel considered those claims before deciding not to bring them in this case, the interests of the class were duly protected. Perhaps, this fact is best seen in the $850,000 settlement achieved for the class in this Settlement, whereas the *Melendez* Plaintiffs sought only $1.7 million in their complaint for Plan forfeitures "improperly steered from paying RKA costs and instead used to benefit the Company." *Melendez,* No. 1:24-cv-12613, Dkt. 1, ¶ 114. It is highly unlikely that the *Melendez* Plaintiffs would have been able to secure better than a 50% recovery at the start of litigation based on their $1.7 million dollar number, as Plaintiffs did here.

So, the amount of the settlement is still fair, reasonable, and adequate, as a percentage of total liability even if the forfeiture claims were included. Indeed, ERISA claims are highly risky

---

[3] The plan document does not provide unfettered discretion regarding the allocation of forfeitures. *See* Plan Document 6.4(c), IM_Barnett_000026, IM Barnett 000122. This language contrasts to the Plan language where motions to dismiss have been denied with respect to forfeiture claims, and compares to the plan language where motions to dismiss have been granted.

and courts frequently approve settlements representing much lower percentages of potential recovery. From the perspective of plan participants, obtaining this recovery now is far more valuable than years of additional uncertain litigation. Finally, forfeiture claims are novel and highly risky. Many courts have rejected them outright. *See, e.g., Sievert v. Knight-Swift Transp. Holdings, Inc.,* No. 2:24-cv-02443, 2025 WL 1248922 (D. Ariz. Apr. 30, 2025); *Madrigal v. Kaiser Found. Health Plan, Inc.,* No. 2:24-cv-05191, Doc. 52 (C.D. Cal. May 2, 2025). The possibility of adding a relatively small amount of additional potential liability on such a risky claim does not make the settlement unreasonable. In short, Plaintiffs more than adequately and fairly represented the interests of the class with regard to all claims regarding excessive recordkeeping fees in the Iron Mountain Plan.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court overrule the *Melendez* Plaintiffs' objections and approve the Settlement Agreement in this matter.

Dated: May 23, 2025                         Respectfully submitted,

s/ Paul M. Secunda
Paul M. Secunda (admitted *pro hac vice*)
**WALCHESKE & LUZI, LLC**
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
E-Mail: psecunda@walcheskeluzi.com

James A. Bloom (admitted *pro hac vice*)
Todd M. Schneider(admitted *pro hac vice*)
**SCHNEIDER WALLCE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Fax: (415) 421-7105
jbloom@schneiderwallace.com
tschneider@schneiderwallace.com

Jonathan M. Feigenbaum
184 High Street, Suite 503
Boston, MA 02110
Telephone: (617) 357-9700
E-Mail: jonathan@erisaattorneys.com

*Attorneys for Plaintiffs and Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>*s/Paul M. Secunda*</u>
Paul M. Secunda